CATRICE SCOTT                                           CIVIL ACTION

VERSUS                                                  NO. 19-13358

GATEWAY MORTGAGE GROUP                                  SECTION: M (3)
A DIVISION OF GATEWAY
FIRST BANK

## **ORDER & REASONS**

Before the Court is a motion by plaintiff Catrice Scott[1] to reconsider[2] this Court's February 13, 2020 Order & Reasons dismissing this case without prejudice for failure to state a claim.[3] Having considered Scott's filings, the record, and the applicable law, the Court denies Scott's motion.

Scott filed this action against defendant Gateway Mortgage Group alleging that it mishandled homeowners insurance proceeds. Gateway filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, or alternatively, a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.[4] The motion was set for submission on February 13, 2020.[5] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was February 5, 2020. Scott did not timely file an opposition. The Court granted Gateway's motion to dismiss finding that it had merit, explaining:

---

[1] The Court notes that plaintiff Catrice Scott is proceeding *pro se*. Although the Court construes *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

[2] R. Doc. 11.

[3] R. Doc. 10.

[4] R. Doc. 8.

[5] R. Doc. 9.

[T]he complaint is vague and contradictory, and fails to identify, with any context, the claims it purports to assert or the relationship between the parties. Although the complaint is titled "Petition for Predatory Lending Fraud," it does not contain any references to predatory lending practices or fraud, and there are no allegations explaining how Gateway allegedly ruined Scott's credit or caused her to suffer a lack of housing or lost business. In sum, the complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure which requires a short, plain statement of the claim showing that the plaintiff is entitled to relief and a demand for the relief sought.[6]

On March 4, 2020, Scott filed the instant motion for reconsideration.[7] The next day, she filed a memorandum in support of the motion in which she asserts that Gateway did not properly apply homeowners insurance proceeds to her mortgage balance after she made two separate insurance claims.[8] Scott also states that she has fully repaired the property and her mortgage should be repaid in full.[9]

Because the matter was resolved on a motion to dismiss, not after trial, the Court construes Scott's motion as a motion for reconsideration.[10] A Rule 59(e) motion to alter or amend a judgment calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

The Court is not persuaded that reconsideration is warranted. Scott's memorandum does not cure the problems with the complaint that resulted in dismissal. She still has not explained how Gateway allegedly ruined her credit or caused her to suffer a loss of housing or business.

---

[6] R. Doc. 10 at 1 n.3.
[7] R. Doc. 11.
[8] R. Doc. 12-3.
[9] *Id.*
[10] *See Lozano v. Baylor Univ.*, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (analyzing under Rule 59(e) a motion for reconsideration of a court's order granting a motion to dismiss).

Indeed, the memorandum states that she has fully repaired the damage to her home, which indicates that she is still living there. Scott's motion for reconsideration points to no manifest error of law or fact or newly discovered evidence as would alter the Court's conclusion that she has failed to state a claim.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Scott's motion for reconsideration (R. Doc. 11) is DENIED.

New Orleans, Louisiana, this 19th day of March, 2020.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE